```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ORION PROPERTY GROUP, LLC, individually      ORDER
and on behalf of all others                  19-CV-0044(JS)(JMW)
similarly situated,

                        Plaintiff,
        -against-

MARK HJELLE,

                        Defendant.
----------------------------------------X
TAMARA HOCHMAN, individually and
on behalf of others similarly situated,      21-CV-3595(JS)(JMW)

                        Plaintiff,
        -against-

CSC SERVICEWORKS, INC.,

                        Defendant.
----------------------------------------X
```

SEYBERT, District Judge:

On December 29, 2017, plaintiff Orion Property Group, LLC ("Orion"), on behalf of itself and all others similarly situated, commenced a nationwide class action against defendant Mark Hjelle ("Hjelle"), chief executive officer of CSC ServiceWorks, Inc. ("CSC"). Orion Property Group, LLC v. Hjelle, No. 19-CV-0044 (E.D.N.Y.) (the "Orion Action"). On June 25, 2021, plaintiff Tamara Hochman ("Hochman," and together with Orion, the "Plaintiffs"), individually and on behalf of others similarly situated, commenced a related nationwide class action against defendant CSC. Hochman v. CSC ServicesWorks, Inc., No. 21-CV-3595

(E.D.N.Y.) (the "Hochman Action"). Before the Court are Plaintiffs' requests to lift the stay entered on January 15, 2020 in the Orion Action. (Orion Mot., Orion Action Dkt., ECF No. 107; Hochman Ltr., Hochman Action Dkt., ECF No. 13.) As discussed below, the requests are GRANTED.

BACKGROUND

The Court presumes familiarity with the underlying facts and history of both the Orion Action and the Hochman Action, including the Court's orders in the Orion Action extending the stay on six (6) separate occasions (1) to accommodate adjournments regarding final approval of a related settlement (the "Settlement") in 1050 West Columbia Condominium Association, et al. v. CSC ServiceWorks, Inc., No. 2019-CH-07319 (Circuit Court of Cook County, Illinois) (the "Illinois Action"), due to the COVID-19 pandemic; or, (2) for the parties to engage in mediation to assist the Illinois Action court with final settlement approval.

In November 2019, the Illinois Action court granted preliminary Settlement approval. (Orion Action Dkt., ECF No. 88-1.) On January 15, 2020, this Court granted Hjelle's motion in the Orion Action to stay the case pending approval of the Settlement in the Illinois Action. (See Jan. 15, 2020 Order, Orion Action Dkt., ECF No. 90.) In the Order, the Court concluded a stay was warranted because, among other reasons, the Settlement would likely subsume and preclude Orion's claims here, and because

the "Illinois Action is closer to final resolution while this action is in its infancy." (Id. at 11-12.)

## DISCUSSION

Plaintiffs now move to lift the stay because the Illinois Action court "vacated preliminary approval." (See Orion Action Dkt., ECF No. 107; accord Hochman Action Dkt., ECF No. 13.) The Court has reviewed Hjelle's and CSC's responses (and exhibits) (Orion Action Dkt., ECF No. 108; Hochman Action Dkt., ECF No. 14), the parties' joint status reports (Orion Action Dkt., ECF Nos. 106, 110, & 111), and Plaintiffs' letter updates (and exhibits) (Orion Action Dkt., ECF No. 109; Hochman Action Dkt., ECF No. 15). Upon due consideration, the Court will lift the stay.

The court in the Illinois Action held a hearing on August 20, 2021. The transcript of that hearing makes clear that the parties to the Illinois Action withdrew the Settlement and the court vacated its preliminary Settlement approval. (Aug. 20, 2021 Hr'g Tr., Orion Action Dkt., ECF No. 109-1.) This understanding was confirmed in an order endorsed by the court in the Illinois Action on August 20, 2021. (See ECF No. 111-1 (noting the Settlement's "Preliminary Approval Order is VACATED").) Given that there is no settlement before the court in the Illinois Action for preliminary or final approval, there is no longer any basis for this Court to conclude that any settlement will subsume and preclude Plaintiffs' claims here, or that the Illinois Action is

3

closer to final resolution than the Orion or Hochman actions. Thus, the stay is lifted. Gabelli v. Sikes Corp., No. 90-CV-4904, 1992 WL 122778, at *1 (S.D.N.Y. May 25, 1992).

The Court acknowledges defendants Hjelle's and CSC's representations that the parties to the Illinois Action plan to submit a revised settlement agreement "and a motion for preliminary approv[al]." (E.g., Orion Action Dkt., ECF No. 108, at 2.) However, the Defendants here cannot escape that there is "nothing" before the court in the Illinois Action for consideration. (See Aug. 20, 2021 Hr'g Tr. at pp. 13-18.)  Even assuming that a hearing in the Illinois Action goes forward in September or October 2021, as of August 20, 2021, the Illinois Action court did "not know if there will be a hearing for [the court] to adjudicate" preliminary approval of any forthcoming settlement, and was not in a position to make "any findings or rulings on if comes, and possible, and maybes." (Id.)  At this juncture, this Court will not extend the stay based on assumptions or guesswork regarding the scope and terms of a forthcoming settlement agreement, or assumptions that any agreement will come to fruition. Thus, the Court is "extremely hesitant to extend the stay for" a second round of preliminary approval, notice, and final approval, "which could proceed for a prolonged period of time," especially where, as here, a revised settlement agreement is not before the Illinois Action court for consideration. Gabelli, 1992 WL 122778, at *1.

4

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. Orion's motion to vacate the stay issued by this Court on January 15, 2020 in the Orion Action is GRANTED (Case No. 19-CV-0044, ECF No. 107);

2. The stay in the Orion Action is LIFTED;

3. The parties' motion to stay the Hochman Action is DENIED (Case No. 21-CV-3595, ECF No. 10);

4. The Court refers the parties to Magistrate Judge James M. Wicks for an initial conference. At the conference, the parties are free to discuss a briefing schedule regarding Hjelle's motion to dismiss the Orion Action, if necessary;

5. The Clerk of the Court is respectfully directed to docket this Order in both the Orion Action (Case No. 19-CV-0044) and the Hochman Action (Case No. 21-CV-3595).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September   2  , 2021
         Central Islip, New York